UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTON NO. 3:12-CV-526-H

CATHERINE A. HARTMAN                                        PLAINTIFF

v.

CAROLYN W. COLVIN, COMMISSIONER
OF SOCIAL SECURITY                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Catherine Hartman, has appealed the Commissioner's denial of her application for disability benefits.  The Magistrate Judge concluded that the matter should be remanded to the Commissioner for a proper assessment of Plaintiff's physical residual functional capacity ("RFC").  Defendant filed objections, arguing that the ALJ did not inappropriately substitute his judgment for that of medical services.  Plaintiff replied in support of the Magistrate Judge's recommendation to remand.

The question at issue is whether the Administrative Law Judge ("ALJ") may base his RFC upon a review of all the evidence without having a medical opinion setting forth a specific functional assessment.  The question before the Court is a purely legal one, as there is no question that sufficient medical testimony supports the Commissioner's decision to deny as a general matter.

Having reviewed all the pleadings, the Court concludes that the ALJ did not inappropriately substitute his judgment for a medical source and need not rely on a specific medical opinion to support his RFC finding. The RFC is based on the ALJ's review of *all* relevant evidence in the record, not just medical opinions. *See* 20 C.F.R. § 404.1545(a)(1) and (3).

In 2011, consultative medical examiner Dr. Martin Huecker opined that "patient can sit or stand 30 to 40 minutes each and has to continue alternating" and noted concern for claimant "lifting anything more than 10 pounds." Admin. R. at 285. The ALJ ultimately determined that claimant was capable of more strenuous activity, namely:

> "…lift 20 pounds occasionally and 10 pounds frequently; can stand and walk six hours in an eight hour workday; can sit six hours in an eight hour workday; no limits on pushing and pulling; can occasionally climb ropes, scaffolds, and ladders; can frequently climb ramps and stairs; and claimant has limitations on exposure to full body vibration."

DN 10-2 at 44.

This finding is supported by the record as a whole. In his findings of fact, the ALJ relied on medical evidence gathered by a variety of doctors.[1]  As to the weight the ALJ gave to the Huecker opinion, the Magistrate acknowledged "the ALJ…reasonably noted…Dr. Huecker's ultimate conclusion was questionable because of his comments that Ms. Hartman could get on and off the examination table without assistance and that Ms. Hartman did not appear to have given full effort during her examination."   DN 14 at 6.  Further, other medical evidence including X-rays and MRIs that post-dated and slightly pre-dated the Huecker consultative examination support the ALJ's conclusion that Ms. Hartman's functional capacity is greater than Dr. Huecker opined.

The Magistrate Judge dismissed certain evidence relied on by the ALJ as "just treatment

---

[1]Aside from Dr. Huecker, Doctors Werner, Alur, and Reed also examined claimant. Viewing the composite documentation of all the medical evidence, the ALJ found "no evidence of nerve root compression, or other more extensive degenerative changes" and also that claimant "maintains the ability to ambulate effectively." DN 10-2 at 47. The ALJ was also influenced by the Huecker's note that claimant gave "questionable effort" during the consultative examination, noting it on three separate occasions in his finding of residual functional capacity to perform light work. *Id.* at 46-48.

notes and test results."[2]  However, it is the ALJ's duty to evaluate the record as a whole. *See Rudd v. Comm'r of Soc. Sec.*, 2013 WL 4767020, at *7-8 ("[T]he ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence.").  Moreover, the regulations specifically contemplate the use of this evidence in coming to an assessment of residual functional capacity: "We will consider any statement about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." 20 C.F.R. § 404.1545(a)(1).  For all these reasons, this Court does not require that the ALJ need rely upon a medical opinion that specifically discusses physical function.

The Magistrate Judge points to a Western District of Kentucky opinion for a rule that an RFC finding must be supported by at least one medical opinion. *Brown v. Colvin*, 2013 WL 1703885, at *1 (W.D. Ky. Apr. 19, 2013).  However, there is no unequivocal law in the Western District except as set forth by the Sixth Circuit.  Here, along with non-medical evidence, the ALJ has evaluated not one but four doctors' evaluations in determining claimant's residual functionality. Rather than "play[ing] doctor," *id.*, the ALJ has properly evaluated all available evidence before rendering his RFC finding. "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).  The evidence here meets that standard or any other applicable one.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Commissioner's decision denying disability benefits

is SUSTAINED and the complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc:   Counsel of Record
      Magistrate Judge James D. Moyer